# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: B.W., L.K., & R.S.**

**No. 15-0277** (Wood County 14-JA-57, 14-JA-58 & 14-JA-59)

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.W., by counsel Reggie R. Bailey, appeals the Circuit Court of Wood County's February 25, 2015, order terminating his parental rights to one-year-old B.W., seven-year-old L.K., and five-year-old R.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Walters, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Courtney L. Ahlborn, filed a response on behalf of the children also in support of the circuit court's order. We acknowledge the response filed by R.S.'s non-offending, biological mother, by counsel Ernest M. Douglass, in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in (1) denying his motion for an improvement period; (2) terminating his parental rights; and (3) denying him post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition against petitioner due to his arrest on July 31, 2014, and his history of domestic violence and other criminal conduct. According to the DHHR, law enforcement officers approached petitioner at a gas station on July 31, 2014, to execute a warrant for a charge of malicious wounding, as well as several outstanding capiases for both domestic violence issues and his failure to appear on a charge of driving under the influence in a vehicle carrying his then-five-year-old son, L.K. Tit was further alleged in the petition that, when approached by law enforcement officers at said gas station, petitioner fled at a high rate of speed in a vehicle carrying his then-three-month-old son, B.W., and the child's

---

[1]R.S. has a different biological mother than B.W. and L.S.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

mother. Petitioner allegedly drove recklessly during the high-speed chase and ultimately leapt from the moving vehicle leaving the child and mother therein.[3] Petitioner was caught and arrested soon thereafter and, in addition to the outstanding warrant and capiases, he was charged with felony fleeing and child neglect creating the risk of injury. Petitioner remained incarcerated for the pendency of the proceedings below.

In January of 2015, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated that he placed his children in danger, as alleged in the petition, due to his long-standing substance abuse problems.[4] The circuit court accepted his stipulation and found that he had neglected his children. Immediately thereafter, in the same hearing, petitioner moved for a post-adjudicatory improvement period, and the parties agreed to take evidence on that motion and disposition.[5] The circuit court heard evidence that, in addition to his current stipulation, petitioner had previously been a respondent in an abuse and neglect proceeding concerning L.K. However, during testimony regarding this prior abuse and neglect proceeding, petitioner moved for and was granted a continuance.

In February of 2015, the circuit court held the hearing on petitioner's motion for an improvement period and disposition. In that hearing, the circuit court heard evidence as to petitioner's neglect of B.W. in 2014 due to his substance abuse. The circuit court heard further evidence that, in the prior abuse and neglect proceeding in 2012, petitioner had stipulated that his substance abuse led to his failure to provide L.K. with a safe home environment, which resulted in L.K. being physically injured in that home. In the prior proceeding, petitioner was provided with services as part of a court-ordered improvement period, which he completed, and the matter was ultimately dismissed with petitioner's parental rights intact.

At the conclusion of the hearing in the instant matter, the circuit court denied petitioner's motion for an improvement period and terminated his parental rights to the children without post-termination visitation. In addition to the stipulated conduct described in the petition, the circuit court found that petitioner (1) faced one to five years in prison for each underlying felony; (2) demonstrated a history of criminal conduct, which included a felony conviction for delivery of a controlled substance; (3) exhibited a substance abuse problem that "seriously impaired" his ability to parent; and (4) failed to respond or follow "through with reasonable efforts designed to reduce or prevent abuse or neglect of the children, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or lives of the

---

[3]The petition further provided that the child's mother took control of the vehicle and continued to flee from law enforcement officers.

[4]Petitioner also admitted that he previously was convicted of domestic battery, but he denied that the children were present during that incident. He further denied all allegations made in the petitions for domestic violence protective orders filed against him as described in the abuse and neglect petition.

[5]*See* Rule 32(b) of West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings (permitting "accelerated disposition hearing[s]" under certain circumstances).

children." Given petitioner's conduct, the circuit court further ordered that post-termination visitation would not be in the children's best interests. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's denial of his motion for a post-adjudicatory improvement period. West Virginia Code § 49-6-12(b) provides circuit courts discretion in ruling on such motions, but a respondent parent must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In the case sub judice, it is clear that the circuit court did not abuse its discretion in denying petitioner's motion. As outlined above, petitioner was provided services in 2012 to correct the conditions that led to his neglect of L.K., which included a substance abuse evaluation, but he failed to follow through with those services as evidenced by his conduct in 2014. Following the completion of his prior improvement period, he continued to place his children in unsafe and dangerous situations. Moreover, petitioner was incarcerated throughout the underlying proceedings and was convicted of two felony counts while the proceedings were pending in connection with the high-speed chase in July of 2014. Therefore, following our thorough review of the record on appeal, we find no error in the circuit court's order denying petitioner's motion for an improvement period.

Petitioner next argues that the circuit court erred in terminating his parental rights because the evidence fails to support a finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse or neglect. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there is no reasonable likelihood that a parent could substantially correct the conditions of abuse or neglect in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" While petitioner maintains that he was likely to follow through with rehabilitative

services, as demonstrated by his completion of the improvement period in the 2012 proceedings, the circuit court properly considered petitioner's continued behavior that placed his children at risk and his incarceration. The evidence below showed that petitioner completed an improvement period in the 2012 proceeding; however, he continued to place his children at risk due to his substance abuse issues in 2014 resulting in his prolonged incarceration. Further, and importantly, he remained incarcerated throughout these proceedings and for the foreseeable future. Based on the foregoing, we cannot find reversible error in the circuit court's conclusion that petitioner failed to follow through with the services offered to him in the prior proceedings, and that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future.

Petitioner's third and final assignment of error is that the circuit court erred in denying him post-termination visitation with the children. Following its termination of parental rights, a circuit court may consider post-termination visitation "if it is in the child's or children's best interests, and would not unreasonably interfere with their permanent placement." *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 260, 470 S.E.2d 205, 214 (1996). Petitioner now argues that his incarceration throughout the proceedings below prevented him from demonstrating his bond with the children through supervised visitation. However, we find no error in the circuit court's ruling denying post-termination visitation given the admitted lack of evidence of a bond between petitioner and his children, particularly where the consequences of petitioner's criminal conduct caused this lack of evidence. The evidence does not reveal that post-termination visitation was in the children's best interests. Therefore, having considered the parties' arguments, the record on appeal, and pertinent legal authority, we find no error in this regard.

For the foregoing reasons, we find no error in the circuit court's February 25, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4